UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN LONDONO ARANGO and
JOSE FLORES ALONSO,

        Plaintiffs,

vs.                                                                                              Case No. 8:05-CV-1137-T-24-EAJ

RAFAEL PEREZ, ET AL.,

        Defendants.
_____/

### ORDER

This cause comes before the Court on Plaintiffs' Motion for Default Judgment (Doc. No. 34) and Motion for Attorney's Fees (Doc. No. 35). Accordingly, the Court will address each motion

### I.  Background

Plaintiffs filed an amended complaint against Defendants Rafael Perez, Angel Rodriguez, and Angel Rodriguez Construction, Inc. in which Plaintiffs allege the following (Doc. No. 8): On October 12, 2004, Plaintiff Jose Flores Alonso ("Flores") was solicited to by Defendant Rafael Perez in front of Able Body Labor, a labor pool located in Bradenton, Florida. (¶ 8). Flores went into Able Body Labor to find Plaintiff Juan Londono Arango ("Londono"). (¶ 9). Thereafter, Perez offered both Flores and Londono general construction work paying $8 per hour. (¶ 9).

From October 12, 2004 through October 18, 2004, Londono performed 42 hours of work for Defendants, and Flores performed 25 hours of work for Defendants. (¶ 11, 12). Defendants did not pay Plaintiffs any money for the work that Plaintiffs performed. (¶ 19).

Plaintiffs assert three claims against Defendants: (1) a Fair Labor Standards Act ("FLSA") claim; (2) a Florida Labor Pool Act claim; and (3) a Florida contract law claim. Plaintiffs served Defendants (Doc. No. 15, 16, 28), but they did not respond to the amended complaint. Thereafter, the Clerk entered default against Defendants. (Doc. No. 22, 32). Plaintiffs now move for default judgment and attorney's fees.

## II.  Motion for Default Judgment

Flores requests $1,400 in damages, consisting of: (1) $200 in unpaid wages ($8 x 25 hours), (2) $200 in liquidated damages, pursuant to 29 U.S.C. § 216(b) of the FLSA, and (3) $1,000, pursuant to Florida Statute § 448.25 for violating the Florida Labor Pool Act.  Londono requests $1,672 in damages, consisting of: (1) $336 in unpaid wages ($8 x 42 hours), (2) $336 in liquidated damages, pursuant to 29 U.S.C. § 216(b) of the FLSA, and (3) $1,000, pursuant to Florida Statute § 448.25 for violating the Florida Labor Pool Act.

### A.  FLSA

Section 206 of the FLSA provides: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages . . . not less than $5.15 an hour . . .." 29 U.S.C. § 206(a)(1). Furthermore, the FLSA provides that any employer who violates § 206 of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA defines an "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Accordingly, Plaintiffs are entitled to the following damages

under the FLSA: (1) Londono is entitled to $216.30 in unpaid wages ($5.15 x 42 hours) and $216.30 in liquidated damages, for a total of $432.60 and (2) Flores is entitled to $128.75 in unpaid wages ($5.15 x 25 hours) and $128.75 in liquidated damages, for a total of $257.50.

### B.  Florida Labor Pool Act

Plaintiffs contend that Defendants violated § 448.24(2)(b) of Florida's Labor Pool Act. Section 448.24(2)(b) provides that a labor pool shall compensate day laborers at or above the minimum wage.  A "labor pool" is defined as "a business entity that operates a labor hall [which is defined as a central location where day laborers assemble and are dispatched to work for a third-party user[1]] by one or more of the following methods: (a) Contracting with third-party users to supply day laborers to them on a temporary basis[;] (b) Hiring, employing, recruiting, or contracting with workers to fulfill these temporary labor contracts for day labor[; or] (c) Fulfilling any contracts for day labor in accordance with this subsection, even if the entity also conducts other business.  Fla. Stat. § 448.22(1).

In the amended complaint, Plaintiffs allege that Able Body Labor is labor pool.  (Doc. No. 8, ¶ 8).  Based on the allegations in the amended complaint, it appears that one or more of the defendants in this case may be a "third-party user" under the Labor Pool Act, which is defined as "a business entity that uses the services of a day laborer provided by a labor pool." Fla. Stat. § 448.22(5).  However, it is unclear as to how Defendants violated the Labor Pool Act, since Able Body Labor is the entity in the amended complaint alleged to be the labor pool, not Defendants.  As such, Plaintiffs have not shown that they are entitled to default judgment against

---

[1]Florida Statute § 448.22(3)

Defendants in the amount of $1,000 for each Plaintiff, pursuant to Florida Statute 448.25[2] for violating the Florida Labor Pool Act.

### III. Motion for Attorney's Fees

Plaintiffs also seek an award of attorney's fees under § 216(b) of the FLSA. Section 216(b) provides that in addition to any judgment awarded to the plaintiff, the court shall allow a reasonable attorney's fee to be paid by the defendant, plus costs of the action. Plaintiffs' attorney submitted an affidavit and billing records showing that she spent 18.85 hours on this case. (Doc. No. 35). Plaintiff's counsel is a staff attorney with Gulfcoast Legal Services, Inc., a non-profit organization that does not charge its clients for services. Based on hourly rates charged by private attorneys in her field, she estimates that her services are worth $175 per hour. Therefore, she requests an award of attorney's fees of $3,298.75 ($175 x 18.85 hours).

The Court finds that $175 per hour is a reasonable hourly rate and that 18.85 hours is a reasonable number of hours spent working on this case. Therefore, the Court awards attorney's fees in the amount of $3,298.75.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion for Default Judgment (Doc. No. 34) is **GRANTED IN PART AND DENIED IN PART**.

(2) Plaintiffs' Motion for Attorney's Fees (Doc. No. 35) is **GRANTED**.

(3) The Clerk is directed to enter judgment in favor of Plaintiff Jose Flores Alonso

---

[2] Florida Statute § 448.25 provides that any worker aggrieved by a violation of § 448.24 "shall be entitled to recover actual and consequential damages, or $1,000, whichever is greater, for each violation."

        and against Defendants on Count I for a total of $257.50 in unpaid minimum wages and liquidated damages under the Fair Labor Standards Act.

(4)     The Clerk is directed to enter judgment in favor of Plaintiff Juan Londono Arango and against Defendants on Count I for a total of $432.60 in unpaid minimum wages and liquidated damages under the Fair Labor Standards Act.

(5)     In addition, the Clerk is directed to enter judgment in favor of Plaintiffs and against Defendants on Count I for attorney's fees in the amount of $3,298.75.

(6)     The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of April, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record